NO. 24-1185

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

TEXAS CHEMISTRY COUNCIL and
AMERICAN CHEMISTRY COUNCIL

                                PETITIONERS,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and
MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

                                RESPONDENTS.

_____

**PETITIONERS TEXAS CHEMISTRY COUNCIL AND AMERICAN CHEMISTRY COUNCIL'S NON-BINDING STATEMENT OF ISSUES TO BE RAISED**
_____

Petitioners Texas Chemistry Council and American Chemistry Council ("Petitioners") submit this Statement of Issues to Be Raised in this appeal. This case challenges the United States Environmental Protection Agency ("EPA")'s final rule "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA)," which was published in the Federal Register on May 3, 2024, 89 Fed. Reg. 37,028 ("Amended Final Risk Evaluation Rule").

Petitioners allege that the Amended Final Risk Evaluation Rule does not comply with the statutes under which it was promulgated, specifically the Toxic Substances Control Act, 15 U.S.C. § 2601, et seq. ("TSCA"), and the Administrative Procedure Act, 5 U.S.C. §§ 553, 701-706 ("APA"). Petitioners further allege that any reliance by Respondents on the Amended Final Risk Evaluation Rule and the policies contained therein in conducting risk evaluations of existing chemical substances under TSCA also violates these statutes.

Without waiving their right to modify these issues or raise additional ones, Petitioners intend to raise the following issues with regard to the EPA's Amended Final Risk Evaluation Rule:

1) Whether EPA relied upon unreasonable interpretations of TSCA, lacked clear Congressional authorization, breached statutory duties, abused discretion, disregarded statutory limitations, and exceeded its statutory authority under TSCA in promulgating the Amended Final Risk Evaluation Rule.

2) Whether EPA violated its statutory duty to exercise independent judgment and apply its own technical expertise in developing the procedures and processes for conducting risk evaluations of existing chemicals under TSCA.

3) Whether the Amended Final Risk Evaluation Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA failed to adequately and reasonably consider the record evidence before it and failed to consider important aspects of the problem.

4) Whether EPA failed to provide a reasonable opportunity for public comment on the proposed rule; failed to consider the full record before the agency; failed to make critical record material available for review and public comment; relied upon data, methodology,

and major legal interpretations that were not set forth in the proposed rule; and/or failed to respond to significant public comments, criticisms, and data.

5) Whether EPA violated constitutional due process protections by failing to provide ascertainable certainty and clarity to the regulated community of the scope of the Amended Final Risk Evaluation Rule.

Respectfully submitted this 8th day of July, 2024.

_____
Rafe Petersen
HOLLAND & KNIGHT LLP
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
T: 202.419.2481
Rafe.Petersen@hklaw.com
*Attorney for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2024, I caused a copy of the foregoing to be served by the Court's CM/ECF System on all counsel of record in this matter who have registered with the CM/ECF System.

/s/ Kate Petersen
Kate Petersen